**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Judith Sypnier,

               Plaintiff,

      v.

Ourisman Fairfax, Inc. d/b/a Ourisman Fairfax
Toyota,

            Defendant.

CASE NO.

CLASS ACTION COMPLAINT

<u>JURY TRIAL DEMANDED</u>

Judith Sypnier ("Plaintiff"), through her attorneys Pardell, Kruzyk & Giribaldo, PLLC, alleges as follows:

**Nature of this Action**

1.    Plaintiff brings this action against Ourisman Fairfax, Inc. d/b/a Ourisman Fairfax Toyota ("Defendant") under the Consumer Leasing Act, 15 U.S.C. § 1667, and its implementing regulations, 12 C.F.R. § 1013 *et seq.* ("Regulation M") (collectively the "CLA"), as well as the Virginia Consumer Protection Act, Va. Code § 59.1-196 *et seq.* ("VCPA").

2.    Specifically, Plaintiff alleges that Defendant provided false or inadequate lease disclosures pursuant to an automobile lease because Defendant attempted to impose improper, unauthorized additional fees on a lease purchase option, despite the clear terms of the lease forbidding those fees.

3.    Plaintiff additionally alleges that Defendant routinely fails to disclose its lease purchase-option prices as a sum certain or as a sum certain to be determined at a future date by reference to a readily available independent source, for all of its consumer automotive leases.

4.    Upon information and belief, Defendant routinely provides false or inadequate

disclosures and subsequently attempts to impose unauthorized additional fees on purchase options for all of its consumer automotive leases.

5.    In fact, the National Automobile Dealers Association ("NADA") cautions dealerships against this very conduct:

> If a documentary fee will be added to the lease purchase option price in a dealer-lessee purchase transaction, these Reg M requirements can be interpreted to compel disclosure in the original lease of the amount of the documentary fee as a kind of "purchase option" fee. For a scheduled end option, the lease must state a sum certain for the lease purchase option price. If there is a purchase option fee, Reg M permits a lessor to disclose it separately. And while it permits the lessor to disclose that official fees are not included in the lease purchase option price, Reg M does not give similar permission to disclose that the purchase option price does not include other fees and charges, such as a documentary fee. Taken together, this suggests that a lessor should either disclose the amount of the documentary fee as a purchase option fee or a part of the fixed lease purchase option price.

> For an early termination option, a lessor must disclose the purchase option price as a sum certain or as a sum certain to be determined at a future date by reference to a readily available independent source. In most leases, the lease purchase option price is disclosed as a formula that incorporates elements of the early termination charge that are used to determine how much to add to the fixed purchase price provided for in the scheduled end option. Again, Reg M permits the lessor to contract for the early termination option price and a separate purchase option fee and to disclose that official fees are not included in the disclosed lease purchase option price. But as with the scheduled end option, it does not give similar permission to disclose that the purchase option price does not include other fees and charges, such as a documentary fee. Therefore, the choices for providing for a documentary fee as part of the lease option price in the early termination option are essentially the same as those discussed above for the scheduled end option.

> If a lease does not disclose the documentary fee as a purchase option fee, charging a documentary fee in addition to the lease purchase option price risks a claim that the initial disclosure of the lease option price was not accurate and thus violated Reg M. It also risks a claim that the lease holder breached the original lease agreement by charging more than the agreed to lease option price.[1]

6.    The CLA commentary further states, in relevant part:

---

[1]    https://www.gcada.net/2022/06/21/excerpt-from-nadas-a-dealer-guide-to-federal-consumer-leasing-act-requirements/ (last visited January 10, 2023).

4. *Official fees and taxes.* Official fees such as those for taxes, licenses, and registration charged in connection with the exercise of a purchase option may be disclosed under §213.4(i) as part of the purchase-option price (with or without a reference to their inclusion in that price) or may be separately disclosed and itemized by category. Alternatively, a lessor may provide a statement indicating that the purchase-option price does not include fees for tags, taxes, and registration.

5. *Purchase-option price. Lessors must disclose the purchase-option price as a sum certain or as a sum certain to be determined at a future date by reference to a readily available independent source.* The reference should provide sufficient information so that the lessee will be able to determine the actual price when the option becomes available. Statements of a purchase price as the "negotiated price" or the "fair market value" do not comply with the requirements of §213.4(i).

12 C.F.R. § 213 Supplement I to Part 213(4)(i) (emphasis added).

7.      Upon information and belief, Defendant routinely provides inadequate disclosures and subsequently attempts to impose unauthorized additional fees on purchase options in all of its consumer automotive leases.

## Parties

8.      Plaintiff is a natural person who at all relevant times resided in Lake Worth, Florida.

9.      The Lease Agreement also notes that Plaintiff's residence is in Lake Worth, Florida.

10.      Plaintiff leased personal property—an automobile—pursuant to a lease agreement, and therefore is a "lessee" as defined by 15 U.S.C. § 1667(2).

11.      Defendant is a Virginia corporation with its principal place of business located in Fairfax, Virginia.

12.      Defendant operates the Ourisman Fairfax Toyota dealership.

## Jurisdiction and Venue

13.      This Court has subject matter jurisdiction under 15 U.S.C. § 1667d(c), and 28 U.S.C. § 1331.

14.      Venue is proper before this Court under 28 U.S.C. § 1391(b)(2), as Plaintiff resides in this district and a substantial part of the transactions giving rise to this action occurred in this

district.

15.     In particular, Plaintiff resides in this district, and Defendant transacted with Plaintiff in this district.

## Factual Allegations

16.     On April 14, 2019, Plaintiff entered into a lease agreement with Defendant for a 2019 Toyota Highlander (the "Lease Agreement"). *See generally* Exhibit A.

17.     "Ourisman Fairfax, Inc." is identified as the "lessor" on the Lease Agreement. *Id.* at 2.

18.     Plaintiff entered into the Lease Agreement at Defendant's dealership after consulting with and transacting with Defendant's employees.

19.     The Lease Agreement disclosed the following terms regarding "purchase options" for Plaintiff's lease:

**11. Purchase Option at the End of Lease Term**

You have an option to purchase the Vehicle at the scheduled end of the Lease Term for $   26,863.00

That amount does not include other charges you may be required to pay pursuant to Section 32.

. . .

**32. Your Option to Purchase the Vehicle.** You may purchase the Vehicle at any time during this Lease or at the Scheduled Maturity Date (unless a governmental agency has seized the Vehicle and instructed us not to release the Vehicle to you). The price to purchase the Vehicle at the Scheduled Maturity Date is the Purchase Option Price shown in Section 11, plus, the amount described in subsections 32(a), 32(b) and 32(c), below. The price to purchase the Vehicle during the Lease Term is the total of:

   a.  all unpaid Monthly Payments that have become due, and other amounts due and unpaid under this Lease, except the disposition fee shown in Section 5 and charges for Excessive Wear and Use and excess mileage (Sections 10 and 34); plus,

4

    b.   all official fees and taxes, and documentary fees charged in connection with the purchase; plus,

    c.   all amounts necessary to meet any legal selling requirements; plus,

    d.   the Adjusted Lease Balance as defined in Section 29[.]

*See* Exhibit A.

20.    The Purchase Option at the End of Lease Term section does not contemplate the imposition of any additional "Processing Fee."

21.    Plaintiff reasonably relied on these terms, including the lease purchase option terms, when agreeing to enter into the Lease Agreement with Defendant, as she expected her purchase option to be commensurate with the language in the Lease Agreement.

22.    On February 18, 2022, Plaintiff attempted to execute the purchase option pursuant to the Lease Agreement.

23.    However, when Plaintiff obtained a quote from a representative of Defendant to exercise her purchase option, the quote stated that the purchase option would cost in excess of $34,000 due to a handful of additional fees, including a "Processing Feee[sic]" of $899.00. *See* Exhibit B.

24.    The Lease Agreement does not authorize Defendant to charge a "Processing Fee" of $899.00, and does not disclose that a "Processing Fee" may be charged as part of any purchase option transaction.

25.    Rather, had Defendant intended to add additional fees for Plaintiff to execute her purchase option, it was required to disclose those fees up-front in Plaintiff's initial lease negotiation, either as a separately enumerated fee, or as part of a "purchase option fee."

26.    Instead, Defendant did not disclose that it would charge any purchase option fee.

27.    To the extent that Defendant contends that it disclosed the "Processing Fee" of

$899.00 as a "documentary fee[] charged in connection with the purchase," it nevertheless failed to disclose the purchase-option price as a sum certain or as a sum certain to be determine determined at a future date by reference to a readily available independent source.

28.     Additionally, Defendant's representative instructed Plaintiff that the $3,999 fee for "Certification with an extension of the Comprehensive Warranty" was required for her to execute the purchase option.

29.     Plaintiff did not know that Defendant intended to add additional dealer fees to effectuate a lease purchase option, and that information would have been material to her decision to enter into the Lease Agreement.

30.     As a result of Defendant's misrepresentations and attempts to impose additional unauthorized fees on the lease purchase agreement, Plaintiff declined to execute the lease purchase option, and instead extended her lease for an additional year.

**Class Allegations**

31.     Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following classes:

**<u>Consumer Leasing Act Class</u>**

> All persons within the United States who (1) entered into a vehicle lease agreement with Ourisman Fairfax, Inc. d/b/a Ourisman Fairfax Toyota that contained a purchase option at the end of the lease term; (2) leased a vehicle primarily for personal, family, or household purposes; (3) purchased, or attempted to purchase, their leased vehicle pursuant to the purchase option stated in their lease;  (4) were quoted or charged by Ourisman Fairfax, Inc. d/b/a Ourisman Fairfax Toyota  a price to exercise their purchase option that was in excess of the pricing disclosed in the lease agreement; and (5) received such a quote or paid such a charge at any time between one year prior to the date of the filing of this complaint through the date of class certification.

**Virginia Consumer Protection Act Class**

>All persons within the United States who (1) entered into a vehicle lease agreement with Ourisman Fairfax, Inc. d/b/a Ourisman Fairfax Toyota that contained a purchase option at the end of the lease term; (2) leased a vehicle primarily for personal, family, or household purposes; (3) purchased, or attempted to purchase, their leased vehicle pursuant to the purchase option stated in their lease;  (4) were quoted or charged by Ourisman Fairfax, Inc. d/b/a Ourisman Fairfax Toyota  a price to exercise their purchase option that was in excess of the pricing disclosed in the lease agreement; and (5) received such a quote or paid such a charge at any time between two years prior to of the date of the filing of this complaint through the date of class certification.

32.    The Consumer Leasing Act Class and the Virginia Consumer Protection Act Class are collectively referred to as the "Classes."

33.    Excluded from the Classes are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

34.    Upon information and belief, the members of the Classes are so numerous that joinder of all of them is impracticable.

35.    The exact number of the members of the Classes are unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

36.    The members of the Classes are ascertainable because the Classes are defined by reference to objective criteria.

37.    In addition, the members of the Classes are identifiable in that, upon information and belief, their cellular telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

38.    Plaintiff's claims are typical of the claims of the members of the Classes .

39.    As it did for all members of the Classes , Defendant (1) entered into a vehicle lease agreement with Plaintiff that contained a purchase option at the end of the lease term; and (2)

charged a higher price for the purchase of the vehicle at the end of the lease than the price disclosed in the Lease Agreement.

40.     Plaintiff's claims, and the claims of the members of the Classes, originate from the same conduct, practice, and procedure on the part of Defendant.

41.     Plaintiff's claims are based on the same theories as are the claims of the members of the Classes.

42.     Plaintiff suffered the same injuries as the members of the Classes.

43.     Plaintiff will fairly and adequately protect the interests of the members of the Classes.

44.     Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Classes.

45.     Plaintiff will vigorously pursue the claims of the members of the Classes.

46.     Plaintiff has retained counsel experienced and competent in class action litigation.

47.     Plaintiff's counsel will vigorously pursue this matter.

48.     Plaintiff's counsel will assert, protect, and otherwise represent the members of the Classes.

49.     The questions of law and fact common to the members of the Classes predominate over questions that may affect individual class members.

50.     Issues of law and fact common to all class members are:

   a.     Defendant's conduct, pattern, and practice as it pertains to charging additional fees to consumers exercising the purchase option in their lease that were not previously disclosed in their lease;

8

b.      Whether Defendant properly disclosed at the time of the lease the additional fees it intended to charge, and subsequently charged, consumers who sought to purchase their vehicles at lease-end;

c.      Whether Defendant's standard lease violates the CLA and Regulation M by failing to properly disclosure the purchase price of the vehicle at the end of the lease;

d.      Defendant's violations of the VCPA;

e.      Whether Defendant's conduct was willful;

f.      Defendant's violations of the CLA and Regulation M; and

g.      The availability of statutory penalties, actual damages, attorneys' fees, and treble damages.

51.     A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

52.     If brought and prosecuted individually, the claims of the members of the Classes would require proof of the same material and substantive facts.

53.     The pursuit of separate actions by individual class members would, as a practical matter, be dispositive of the interests of other members of the Classes, and could substantially impair or impede their ability to protect their interests.

54.     The pursuit of separate actions by individual members of the Classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

55.     These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

56.     The damages suffered by the individual members of the Classes may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the Classes to redress the wrongs done to them.

57.     The pursuit of Plaintiff's claims, and the claims of the members of the Classes, in one forum will achieve efficiency and promote judicial economy.

58.     There will be no extraordinary difficulty in the management of this action as a class action.

59.     Defendant acted or refused to act on grounds generally applicable to the members of the Classes, making final declaratory or injunctive relief appropriate.

**Count I**
**Violation of the Consumer Leasing Act**
**15 U.S.C. § 1667a**
**On behalf of the Consumer Leasing Act Class**

60.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-59.

61.     The CLA and Regulation M require Defendant to indicate "whether or not the lessee has the option to purchase the leased property and at what price and time." 15 U.S.C. § 1667a.

62.     The CLA governs the disclosures in the Lease Agreement, as well as all consumer leases issued by Defendant, because the lease terms run for greater than four months and are for less than $58,300. 15 U.S.C. § 1667(1).

63.     Plaintiff and the Consumer Leasing Act Class members are natural persons who leased vehicles primarily for personal, family, and household purposes. 15 U.S.C. § 1667(1)-(2).

64.     Defendant was required to comply with the CLA's disclosure requirements because it was a "lessor" as defined by 15 U.S.C § 1667(3) of the CLA, because Defendant regularly engages "in leasing, offering to lease, or arranging to lease under a consumer lease."

65.     Defendant is listed as the lessor on the Lease Agreement and the lease agreements of the Consumer Leasing Act Class members.

66.     Defendant has leased, offered, or arranged to lease vehicles more than five times in the preceding calendar year or more than five times in the current calendar year. 15 U.S.C. § 1667(3); Reg. M § 1013.2(h).

67.     Defendant was the primary entity responsible for arranging the Lease Agreement with Plaintiff, as well as all the respective consumer leases issued by Defendant to the Consumer Leasing Act Class members.

68.     The Lease Agreement signed by Plaintiff, as well as all the respective consumer leases issued by Defendant to the Consumer Leasing Act Class members, are governed by the disclosure requirements of 15 U.S.C. § 1667a and 12 C.F.R. § 1013.

69.     Defendant violated 15 U.S.C. § 1667 and 12 C.F.R. § 1013.4(i) by not disclosing to Plaintiff the "processing fee" of $899.00 in the purchase option price of the Lease Agreement.

70.     As a result, Defendant violated 12 C.F.R. § 1013.3(a) because the purchase option price in the Lease Agreement—and all other consumer leases issued by Defendant to the Consumer Leasing Act Class members—was unclear, inaccurate, and incomplete.

71.     Defendant also violated 15 U.S.C. § 1667 and 12 C.F.R. § 1013.4(i) because it failed to disclose the purchase option price in the Lease Agreement, and all other consumer leases

11

issued by Defendant to the Consumer Leasing Act Class members, as a sum certain, or as a sum certain to be determined at a future date by reference to a readily available independent source, because it included subjectively determined fees that were not objectively ascertainable by Plaintiff or the Consumer Leasing Act Class members at the time that they entered into the Lease Agreement and their respective consumer leases with Defendant.

72.     These omissions were material to Plaintiff's and the Consumer Leasing Act Class members' decisions to enter into their respective lease agreements, and Plaintiff and the Consumer Leasing Act Class members detrimentally relied on these material omissions.

73.     If Defendant provided an accurate, complete, and clear purchase option price in the Lease Agreement as required by the CLA, Plaintiff would have negotiated different terms or declined to lease her vehicle.

74.     Pursuant to 15 U.S.C. § 1640, Plaintiff and the Consumer Leasing Act Class members seek damages from Defendant for violations of the CLA, and reasonable attorney's fees and costs.

**Count II**
**Violation of the Virginia Consumer Protection Act**
**Va. Code § 59.1-196 *et seq.***
**On behalf of the Virginia Consumer Protection Act Class**

75.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-59.

76.     Defendant is a "person" as defined by Va. Code § 59.1-198.

77.     The transactions between Plaintiff and Defendant, as well as the transactions between the Virginia Consumer Protection Act Class members and Defendant, are "consumer transactions" as defined by Va. Code § 59.1-198, because the vehicles at issue were purchased or leased primarily for personal, family or household purposes.

78.     Defendant's actions as set forth in this complaint occurred in the conduct of trade or commerce.

79.     The VCPA prohibits, in relevant part, "[a]dvertising goods or services with intent not to sell them as advertised, or with intent not to sell at the price or upon the terms advertised,"[2] and "[u]sing any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction." Va. Code §§ 59.1-200(8), (14).

80.     Defendant was the primary entity responsible for arranging the Lease Agreement with Plaintiff, and the lease agreements between Defendant and the Virginia Consumer Protection Act Class members.

81.     Defendant violated Va. Code § 59.1-200(8) by refusing to allow Plaintiff and the Virginia Consumer Protection Act Class members to execute the lease purchase option in their respective lease agreements at the prices disclosed in the leases.

82.     Defendant violated Va. Code §§ 59.1-200(14) by misrepresenting and deceiving Plaintiff and the Virginia Consumer Protection Act Class members about the prices to execute the purchase option for their vehicles when they attempted to purchase their vehicles.

83.     Defendant's actions were likely to deceive reasonable consumers, and in fact did so.

84.     Defendant intentionally and knowingly failed to disclose that it intended to impose additional fees on consumer lease purchase transactions, with the intent to mislead consumers.

85.     Defendant knew, or should have known, that its conduct violated the VCPA.

---

[2]     Also noting that "[i]n any action brought under this subdivision, the refusal by any person, or any employee, agent, or servant thereof, to sell any goods or services advertised or offered for sale at the price or upon the terms advertised or offered, shall be prima facie evidence of a violation of this subdivision." *Id.*

86.     These omissions and misrepresentations were material to Plaintiff's and the members of the Virginia Consumer Protection Act's decisions to enter into their respective lease agreements, and Plaintiff and the members of the Virginia Consumer Protection Act detrimentally relied on these material omissions.

87.     If Defendant provided an accurate, complete, and clear purchase option price in the Lease Agreement, Plaintiff would have negotiated different terms or declined to lease her vehicle.

88.     Defendant's actions present a continuing risk to the general public, and affect the public interest.

89.     Pursuant to Va. Code § 59.1-204(a), Plaintiff and the members of the Virginia Consumer Protection Act Class seek "to recover actual damages, or $500, whichever is greater."

90.     Also pursuant to Va. Code § 59.1-204(a), if the Court finds that Defendant acted willfully, Plaintiff and the members of the Virginia Consumer Protection Act Class seek to recover "three times the actual damages sustained, or $1,000, whichever is greater."

91.     Pursuant to Va. Code § 59.1-204(b), Plaintiff and the members of the Virginia Consumer Protection Act Class are entitled to an award of their attorneys' fees.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a.      Determining that this action is a proper class action;

b.      Designating Plaintiff as a class representative of the Classes under Federal Rule of Civil Procedure 23;

c.      Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

14

d.      Awarding Plaintiff and the Consumer Leasing Act Class damages pursuant to 15 U.S.C. § 1640;

e.      Awarding Plaintiff and the Consumer Leasing Act Class reasonable attorneys' fees, costs, and expenses pursuant to 15 U.S.C. § 1640;

f.      Awarding Plaintiff and the Virginia Consumer Protection Act Class damages pursuant to Va. Code § 59.1-204(a);

g.      Awarding Plaintiff and the Virginia Consumer Protection Act Class attorneys' fees pursuant to Va. Code § 59.1-204(b);

h.      Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

i.      Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: January 12, 2023                    */s/ Alex D. Kruzyk*
                                          Alex D. Kruzyk
                                          Bryan A. Giribaldo
                                          **PARDELL, KRUZYK & GIRIBALDO, PLLC**
                                          501 Congress Avenue, Suite 150
                                          Austin, Texas 78701
                                          Tele: (561) 726-8444
                                          akruzyk@pkglegal.com
                                          bgiribaldo@pkglegal.com

                                          Logan A. Pardell
                                          **PARDELL, KRUZYK & GIRIBALDO, PLLC**
                                          443 Plaza Real, Suite 275
                                          Boca Raton, FL 33432
                                          Tele: (561) 726-8444

lpardell@pkglegal.com

*Counsel for Plaintiff*